## Scott, to use, *v.* Hough, Appellant.

|151   630|
|165   157|
|151     630|
|19 SC ¹147|
|151     630|
|31 SC 585|

*Mortgage—Defence—Assignee—Lease and bill of sale.*

Where a mortgage on real estate forms part of the price for personal property covered by a lease with agreement for bill of sale on payment of a sum named but with provision for retaking the property on default of payment of any installment, and the property is retaken for such default, the contract is at an end, and the mortgage being a part of the contract falls with it, and there can be no recovery on the mortgage although the amount named in the lease is independent of the amount named in the mortgage, and although suit is brought by an assignee for value without notice before default.

Had suit been brought for the consideration in enforcement of the contract, the result would have been different. But the contract being at an end by the act of the use plaintiff's assignor, the consideration fell with it. The contract having been terminated no action lies. Per STERRETT, J.

Argued Oct. 5, 1892. Appeal, No. 6, Oct. T., 1892, by defendant, E. C. Hough, from judgment of C. P. Westmoreland Co., Feb. T., 1890, No. 481, for plaintiff, John B. Scott, to use E. F. Scott, by court without jury. Before STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL, and HEYDRICK, JJ.

Sci. fa. sur mortgage.

The case was tried without a jury under the act of 1874. The court found the facts as follows, in an opinion by DOTY, P. J.:

" 1. John B. Scott, the legal plaintiff, on March 6, 1888, sold a certain printing press and other articles to E. C. Hough, the defendant herein, for the sum of $1,675, payable in cash $175, by mortgage $775, and secured by a lease $725.

" 2. The defendant paid the sum of $175 in cash at the date of purchase.

" 3. The sum of $725, with its interest was secured by an instrument of writing, bearing date March 6, 1888, which provided that the articles purchased were delivered on hire, and fixing the times of payment, and authorizing the bailor to repossess himself of the machinery and other material on default of payment.

" 4. Default was alleged and an action of replevin was brought in August, 1889, by John B. Scott, against the defendant, to recover possession of the machinery and material. Possession

was recovered and the same was resold by John B. Scott, and from this sale he realized about the sum of $677.

" 5. On the same day he executed and delivered a mortgage to plaintiff to secure the payment of $775, payable: $200 on September 6, 1890 ; $200 on March 6, 1891 ; $200 on September 6, 1891 ; $175 on March 6, 1892; with interest payable semi-annually, and with the usual thirty days sci. fa. clause.

" 6. The above mentioned mortgage, for a valuable consideration, was duly assigned by John B. Scott on Feb. 1, 1889, to E. F. Scott, of which assignment the defendant had notice not later than April 10, 1889.

" 7. On June 5, 1888, the sum of $110 was paid on account of the mortgage. A portion of the mortgaged premises was released, and in consideration thereof the payment of $110 was made.

" 8. A writ of sci fa. issued upon this mortgage on Jan. 10, 1890. The case was brought to issue, and the parties waived trial by jury and agreed to submit the matter to the court.

CONCLUSIONS OF LAW.

" The defence here is that there is a failure of consideration. That John B. Scott has received $175 of the defendant's money, and has retaken the goods and that the defendant has nothing.

" The present suit is for the use of E. F. Scott, the assignee of the mortgage. The assignment was made February 1, 1889, and of the assignment the defendant had notice. The assignment was for a valuable consideration. It does not appear that the assignee had notice of the collateral agreement, nor did he make any inquiry of the obligor.

" The property was retaken under the provisions of this agreement. The contract was a voluntary one. There is no allegation of fraud, accident or mistake, or anything which would relieve the parties from the obligations imposed in said contract.

" E. F. Scott, the assignee, would take the mortgage subject to any defence existing prior to or at the time of the assignment, but he would not be affected by any equities arising between the original parties after the assignment. Nor would he be affected by a collateral and independent agreement between the parties of which he had no notice. The defence is not in the nature of defalcation, nor does it tend to show want

of consideration, [nor is it established that the agreement was an inducement to the execution of the mortgage] [1] or omitted therefrom by fraud, accident or mistake. [It seems to have been wholly independent and collateral.] [2] If there had been any agreement in relation to the mortgage the assignee would have been bound to inquire or would be bound by any equities or defences arising out of such agreement.

"The printing outfit was purchased for the sum of $1,675. A certain portion was paid cash; another part was secured by mortgage, and to secure the remainder the parties agreed to a hiring of the press, etc. The rent was not paid and under the terms of the bailment the property was taken. The mortgage represented the cash to be paid on the purchase. If the cash had been paid the defendant would not be in a position to recover it back, even though the printing outfit had been taken from him under the conditions of the agreement. The bargain may have been an unfortunate one for the defendant. It is certainly unfortunate that he should have lost the property, notwithstanding he had paid or secured a considerable portion of the purchase money. But he chose to make the contract, and in the absence of fraud, accident or mistake even a court of equity would not attempt to reform or rescind it."

The mortgage was given on real estate to secure payments as stated in paragraph 5 of the opinion of the court below, but made no reference to the lease, or to the property covered thereby. The lease enumerated the articles "delivered on hire," stating their whole value to be $789.50. It seems that this contains the interest on $725. The instalments were payable as "rental" "without interest if paid when due." The first instalment was payable March 6, 1889, the last March 6, 1890. An affidavit of defence averred that the lease did not express the true valuation of the goods and chattels nor the valuation fixed upon them by J. B. Scott and defendant when defendant obtained possession of them; that the mortgage was part of the consideration therefor and no other consideration passed for the mortgage.

Exceptions (1, 2) were filed by defendant to the findings of law enclosed above in brackets; and that the court erred in not finding (3) that there was a failure of consideration for the mortgage by reason of the rescission of the lease; (4) as it was

at most only a conditional sale; (5) in not finding that the assignee would be affected by any equities arising between the parties after the assignment growing out of the original contract; (6) in not finding that it was the duty of the assignee, if he wished to take the mortgage free from equities, to make inquiry of defendant regarding any defence or to procure a certificate of no defence, and failing in these his rights were no higher than the rights of the mortgagee.

Exceptions dismissed and judgment for plaintiff. Defendant appealed.

*Errors assigned* were (1-6) dismissal of exceptions, quoting them; (7) entry of judgment; and (8) order overruling exceptions, quoting it.

*E. E. Robbins*, with him *John E. Kunkle* and *O. P. Robertson*, for appellant.—The mortgage and lease each represented part of the purchase money for said chattels, and the consideration for the one was the same as for the other. The case is ruled by Campbell Printing Press & Manufacturing Co. v. Hickok, 140 Pa. 290.

The assignee of a writing under seal without a certificate of no defence from the obligor, or its equivalent, takes it subject to all the equities between the original parties: Reineman v. Robb, 98 Pa. 474; Banks' Ap., 98 Pa. 150; Cridge v. Hare, 98 Pa. 561.

*Magnus Pflaum*, with him *V. E. Williams* and *W. A. Griffiths*, for appellee.—Campbell v. Hickok, 140 Pa. 290, merely decides that notes given for payments due under a lease cannot be collected when the lease has been rescinded by the retaking of the goods.

If appellant had paid the instalments under the lease he would have been the absolute owner of the goods without any payment on the mortgage.

An assignee of a mortgage for a valuable consideration, without notice, holds it free from secret equities: Pryor v. Wood, 31 Pa. 142; Binkley v. Hartman, 4 S. & R. 175; Horstman v. Gerker, 49 Pa. 288; McMasters v. Wilhelm, 85 Pa. 218.

An assignee cannot be affected by collateral transactions: Davis v. Barr, 9 S. & R. 141; Com. v. Pittsburgh, 34 Pa. 520; Bisph. Eq., 4th ed., § 170, p. 225.

OPINION BY MR. JUSTICE STERRETT, October 31, 1892.

It having been conceded that the mortgage in suit formed with the lease part of the original contract, the use plaintiff, E. F. Scott, must be conclusively presumed to have taken with knowledge of the facts, and consequently of the reserved right to rescind and of the legal effect of its exercise. When his assignor, in the exercise of this right, recovered possession of the printing press, etc., the contract was by its terms at an end, and the mortgage, being part thereof, fell with it. The defence is not, as plaintiff suggests, based on an equity which has arisen since the assignment of the mortgage was made, but on an equity which sprang out of the exercise of rescission as an essential part of the same contract of which the mortgage was a part. The assignee of the mortgage was given no control over that right; it was not embraced in the assignment, but he took subject to its exercise as part of the contract. It has been suggested that the defendant should not be permitted to take advantage of the result of his own default as a defence; but the answer to this is, that his defence is the logic of the election to rescind. Had suit been brought for the consideration, in enforcement of the contract, the result would have been different. But the contract being at an end by the act of the use plaintiff's assignor, the consideration fell with it. The contract having been terminated no action lies.

It follows that the learned court erred in finding that the agreement was collateral to and independent of the mortgage; and in not directing judgment to be entered for the defendant.

Judgment reversed, and judgment for defendant.