# Jacob *v.* Groff, Appellant.

*Bailment— Termination of contract—Choice of remedies—Promissory notes.*

A lease of a piano, admitted to be a bailment, provided for the payment of a rental of $50.00 per quarter, and also provided that the lessee should give to the lessor on account of the rental, " the lessee's promissory note for the sum of $350, payable in three months from the date hereof, but as the lessee shall pay an instalment of rental from time to time in cash, the said note shall be surrendered up to the lessee, and a new note shall be given by the lessee for a like period for the residue of said rental." · The lessee did not pay the instalment of $50.00 due at the maturity of the note. The note, however, prior to its maturity had been discounted by a bank for the bailor. It was not paid at maturity and the bank brought suit against the bailee. This suit was compromised by a payment of cash and notes to the bailor. After the settlement the bailee sold the piano to another person. *Held* (1) that the action of the bailor in having the note discounted, thereby putting it out of his power to comply with the terms of the lease, terminated the contract; (2) that upon default the bailor had the right either to sue upon the note, or take the piano, and that having elected the first remedy, he was barred from the second; (3) that while the parties had the right by agreement to revive the bailment, before the rights of other parties had accrued, the mere fact of the payment of cash and notes

in settlement of the suit, did not of itself revive the defunct bailment in the absence of an express agreement to that effect.

Argued Nov. 12, 1901. Appeal, No. 72, Oct. T., 1901, by defendant, from judgment of C. P. Lancaster Co., Oct. T., 1899, No. 10, on verdict for plaintiff in case of C. Albert Jacob, trading as Jacob Bros., Assignee of J. G. Ramsdell, v. Frances E. Groff and George W. Anne. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Replevin for a piano. Before LIVINGSTON, P. J.

At the trial it appeared that J. G. Ramsdell leased a piano to Frances E. Groff, and that by the terms of the lease, the lessee was to pay $50.00 per quarter, and to give a promissory note for $350 payable within three months. The note was given to the lessor who had it discounted by the Chestnut Street National Bank. When the note became due it was not paid and the bank brought suit.

Defendant made the following offer:

We offer to prove by this witness, Harry E. Groff, that suit was brought on the $350 note in circuit court of the United States, at Philadelphia, to April sessions, 1898, No. 33, b the Chestnut street National Bank, which had discounted the note; said note being dated November 13, 1897, payable three months after date, due February 13, 1898, signed by Frances E. Groff, payable to the order of and indorsed by J. G. Ramsdell, being the note of $350' referred to in the contract between J. G. Ramsdell and Frances E. Groff. This will be followed by proof of the settlement of said suit.

Disallowed and defendant excepts. [1]

We offer to prove by Harry E. Groff, this witness, that suit was brought on the $350 note in the circuit court of the United States, at Philadelphia, to April sessions, 1898, No. 33, by the receiver of the Chesnut Street National Bank, by which bank the note had been discounted by J. G. Ramsdell, being note of November 13, 1897, at three months, due February 13, 1898, signed by Frances E. Groff, payable to the order of and indorsed by J. G. Ramsdell, and being the note mentioned in the contract between J. G. Ramsdell and Frances E. Groff; that the above suit was settled, the note surrendered upon the payment by witness of certain cash, by the assignment by wit-

ness of a life insurance policy in the Mutual Life of New York, No. 331550, and the execution and delivery by Frances E. Groff to J. G. Ramsdell of three notes, each for $50.00 and all dated August 25, 1898, the first being due February 13, 1899; the second, May 13, 1899; and the third, August 13, 1899, and that this was a complete settlement of all matters at issuebetween Ramsdell, the bank and Mrs. Groff. Disallowed and defendant excepts. [2]

Verdict and judgment for plaintiff for $186.22. Defendant appealed.

*Errors assigned* were (1, 2) rulings on evidence, quoting the bill of exceptions. (3, 5) Instructions referred to in the opinion of the Superior Court.

*E. D. Reilly* and *J. E. Snyder*, for appellant. —The suit on the note barred the right to take the piano : Campbell Printing Press, etc., Co. v. Hickok, 140 Pa. 290 ; Scott v. Hough, 151 Pa. 630; Seanor v. McLaughlin, 165 Pa. 150 ; McCay v. Forwood, 11 W. N. C. 524 ; Shaylor v. Parsons, 17 Pa. C. C. Rep. 145; Crompton v. Beach, 62 Conn. 25; 25 Atl. Repr. 446; Morris v. Rexford, 18 N. Y. 552; Heller v. Elliott, 44 N. J. L. 467 ; Holt Mfg. Co. v. Ewing, 109 Cal. 353 ; 42 Pac. Repr. 435 ; Parke & Lacy Co. v. White River Lumber Co., 101 Cal. 37 ; 35 Pac. Repr. 442.

*Coyle & Keller*, for appellee.

OPINION BY BEAVER, J., January 21, 1902:

James G. Ramsdell, under an agreement with Frances E. Groff, which is admittedly a bailment, leased to her a piano for " twenty-one months from the date hereof, for the quarterly rental of fifty dollars, payable in advance on the 13th day of each quarter ; the said instrument shall be carefully kept by the lessee and returned to the lessor in its present good order and condition, reasonable wear and tear excepted, at the expiration of the above mentioned period of letting, unless purchased as hereinafter provided." Another part of said agreement provides : " The lessee further agrees to give the lessor, on account of the rental for which the lessee is liable under

this lease, the lessee's promissory note for the sum of three hundred and fifty dollars, payable in three months from the date hereof, but, as the lessee shall pay an instalment of rental from time to time in cash, the said note shall be surrendered up to the lessee and a new note shall be given by the lessee for a like period for the residue of said rental." The stipulations of the agreement, so far as they were to be met at the time of the execution of the agreement, were all performed, the piano was delivered to the bailee and she delivered her promissory note, as agreed, for $350. This note was transferred, by indorsement of the bailor, to the Chestnut Street National Bank, which discounted it for him. It was protested for nonpayment at maturity and the bank brought suit against the bailee for the whole amount. The bailor, by having the note discounted, put it out of his power to comply with the provisions of the bailment in reference to the payment on account and the giving of a new note. The bank was not bound by the terms of the bailment. It had a right, of course, to sue for the entire amount.

The main question in the case is whether, having brought suit upon the note, the bailee was thereby treated as debtor for the entire amount of the note and was, in consequence, relieved from the terms of the bailment. Campbell Printing Press, etc., Co., v. Hickok, 140 Pa. 290 ; Scott v. Hough, 151 Pa. 630, and Seanor v. McLaughlin, 165 Pa. 150, all hold that where the bailor takes possession of the property, under the terms of the bailment, he thereby rescinds the contract and cannot recover the instalments agreed to be paid under the terms thereof. The bailor in this case put it out of his power, by having the note given by the bailee discounted, to comply with the terms of the bailment and, when suit was brought upon the note by the holder thereof, this was as much a disaffirmance of the contract as if the piano had been taken by reason of nonpayment of an instalment. It is no answer to this to say that the bailee did not pay or tender the payment of the instalment of $50.00 due at the maturity of the note. She was not bound to do so. Upon default, the bailor or his assignee had the right either to bring suit upon the note and recover the whole amount or to take the property under the terms of the bailment. He could not do both. Having elected, therefore, to recover upon the note, the agreement was rescinded and the

bailment ended.   The suit upon the note was subsequently settled by an assignment of a life insurance policy by the bailee's husband and the giving of three several notes of $50.00 each.   At the time of said settlement, nothing was said, so far as appears in the testimony, of any renewal of the terms of the bailment.   After the settlement, the bailee sold the piano to the defendant, the bailor assigned his agreement of bailment to the plaintiff and, upon the failure to pay one of the notes which had been given in settlement of the claim of the Chestnut Street National Bank for the note of $350, a writ of replevin was issued by the plaintiff against the defendant.

The court below affirmed, without qualification, the following point for charge by plaintiff: " If the jury believes that on August 25, 1898, Frances E. Groff paid J. G. Ramsdell two hundred dollars, on account of the rent of the piano and gave him three notes for fifty dollars each, representing the balance of rental due, until the termination of the lease, in accordance with the terms of the lease, the verdict must be for the plaintiff."   The unqualified affirmance of this point was we think error.   At that time the rights of no other parties having attached, it was entirely competent for the parties to have restored the terms and conditions of the bailment, the mere fact of the payment of $200 representing the amount then due under the terms of the bailment, if that was the fact, and the giving of notes for the balance, in accordance with the terms of the lease, did not of itself revive the defunct bailment, without an express agreement to that effect, and the answer to the plaintiff's point should have been so qualified.

The defendant's first point for charge was as follows: " If the plaintiff parted with the possession and ownership of the $350 note and was unable to surrender it at maturity to the defendant, that the terms of the lease might be carried out, and the defendant given a new note for the less amount, he thereby violated the terms of the lease and had placed himself in a position whereby he was unable to enforce the terms of the lease, and the verdict must be for the defendant," and was answered as follows: " That we answer adversely and say that point is refused, for the reason she never offered any money ; she never offered a new note and wasn't entitled to one, until she had paid the $50.00.   Then she was entitled to get the old note

and to give a new one for the less amount. She did not do that and, therefore, that point cannot be affirmed." As already intimated, by the failure of the bailee to pay the instalment due upon the note, she thereby made herself either debtor for the whole amount of the note or could have been compelled to surrender the possession of the piano. The bailor had the undoubted right to take the piano into his own possession, under the terms of the bailment; but, having allowed the holder of the note to bring suit for the whole amount and, therefore, hold the bailee as debtor therefor, he lost the right to take possession of the piano, which was not regained, unless by express agreement between the parties. We think this point should have been so affirmed.

For the same reason the second, third and fourth points for charge of the defendant should have been affirmed, with the qualification, unless the terms and conditions of the bailment were restored by agreement of the parties, before the sale of the piano to the present defendant.

The court below properly refused the defendant's fifth point which was: "The bailment having terminated by the act of the plaintiff and his assigns, it could not be reinstated by any subsequent agreement of the parties." It was entirely competent for the original parties to the agreement of bailment to restore the terms thereof at any time before the rights of the present defendant attached, but not subsequently. The real question in the case, therefore, is as to whether or not the terms of the bailment were revived and restored by agreement of the bailee prior to the sale. It may be questioned whether there was sufficient evidence of this in the testimony to have been submitted to the jury. As the case goes back for a new trial upon the other grounds, however, we do not express an opinion upon this question, which is not distinctly raised. Judgment reversed and a new venire awarded.