# Ketcham, Appellant, v. Davis.

*Bailment—Lease of personal property—Remedies—Cumulative remedies.*

Where a lease of personal property gives to the lessor the right, on de-
fault by the lessee, to take immediate possession of the leased property, and
also gives him the right to enter judgment for the whole amount unpaid
under the lease, the lessor is not entitled to enforce both remedies, unless
such right is plainly expressed in the lease, or is a necessary implication
from its terms.

Argued March 7, 1906.   Appeal, No. 10, March T., 1906,
by plaintiff, from judgment of C. P. Tioga Co., Sept. T., 1905,
No. 286, for defendant non obstante veredicto in case of R. M.
Ketcham v. Frank M. Davis.   Before RICE, P. J., PORTER,

HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Issue to determine validity of a judgment.    Before CAM-ERON, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*S. F. Channell*, with him *F. E. Watrous* and *H. F. Marsh*, for appellant.

No appearance nor printed brief for appellee.

OPINION BY RICE, P. J., October 5, 1906 :

The plaintiff having a team of horses which the defendant desired to purchase, they agreed upon $250 as the price, and the defendant delivered to the plaintiff a horse in payment to the extent of $75.00.    Thereupon the plaintiff delivered the team to the defendant under a written agreement called a lease, for the term of six months, in which the defendant agreed to pay for the use of the team $101.50 on July 1, 1905, and $77.25 on October 1, 1905.    These two sums together with the price of the horse given in exchange constituted the agreed price of the team, with interest on the deferred payments, and it was stipulated that upon payment of said installments the defendant should have the right to purchase the team and apply the payments upon the purchase price.    The defendant could not pay the July installment, and by his permission the plaintiff, on August 28, 1905, took the team back.    Before doing so he caused judgment to be entered on the lease for $178.75, the unpaid balance, and afterwards, on the trial of the issue awarded to determine the amount due on the judgment, demanded $124.97, which he claimed as the amount due for the use of the team up to August 28, 1905.    It is not disputed that this claim would have to be sustained if the plaintiff had not retaken possession of the team, nor is it disputed that the plaintiff had a right under the lease to rescind the contract, re-tain the horse that he had received in exchange, and retake possession of the team.    The question is, whether he could

pursue both remedies. The established rule of law governing the enforcement of such contracts is that the so-called lessor, on default, can adopt either remedy, but they are not to be deemed cumulative; in other words, he could not take both "unless it was plainly expressed in the contract or a necessary implication from its terms:" Seanor v. McLaughlin, 165 Pa. 150; Campbell Printing-Press, etc., Co. v. Hickok, 140 Pa. 290; Scott v. Hough, 151 Pa. 630; Jacob v. Groff, 19 Pa. Superior Ct. 144. The portion of the lease pertinent to the question reads as follows: "And it is further provided that in case said party of the second part shall fail to pay rent as herein set forth, or shall fail to surrender up said leased property at the expiration of this lease, or shall fail to perform any of the covenants herein specified for him to perform, then in either case said first party shall have the right to declare this lease void so far as the rights of said second party are concerned, and said first party shall have the right to take immediate possession of said leased property wherever it may find the same; and in any proceeding with or without recourse to law, to obtain possession of said leased property as aforesaid, said second party hereby waive any and all rights to bring any action or actions of tort whatever against said first party or his duly constituted agent or agents; and said first party shall have the right to procure judgment to be entered upon this lease for the whole amount of rent unpaid, and to proceed by execution for the whole amount of rent due, and for that purpose said second party hereby authorize the prothonotary or any attorney of any court of record to appear for and confess judgment against Frank M. Davis in favor of said first party for the whole amount of rent unpaid and costs, whether the same shall have become due and payable under the conditions of this lease or not." Unquestionably the lease reserves to the lessor the right to pursue either remedy in the event of the lessee's default, but the fact that both remedies are mentioned, and connected by the copulative "and" instead of the disjunctive ".or" is not conclusive of the question of his right to pursue both. No necessary implication arises from this mode of enumerating the remedies that upon default at the expiration of the six months the lessor could both retake possession of the team and recover the full price. We do not say that the words used would be inconsistent with the conclusion

that such was the intention of the parties.  What we intend to say is that they do not clearly, necessarily and beyond question imply the right claimed, and it is apparent from the decisions cited that to sustain such a claim no implication will be made that does not necessarily and conclusively arise from the language used.  We conclude, therefore, that the court was right in entering judgment for the defendant notwithstanding the verdict.

Judgment affirmed.