# Green & Coates Sts. Philadelphia Passenger Ry., Appellant, *v.* Philadelphia Rapid Transit Co.

*Railroads—Leases—Dividends—Taxes—Taxation.*

Where a lease of a street railway provides that the lessee shall "pay all taxes, charges and assessments, now or hereafter lawfully imposed upon the lessor's existing bonds, capital stock, real and personal property and future dividends," the lessee is not required to pay the lessor's federal income tax assessed upon the rental paid under the lease.

Argued March 25, 1919. Appeal, No. 250, Jan. T., 1919, by plaintiff, from judgment of C. P. No. 3, Philadelphia Co., June T., 1918, No. 3157, for defendant on statutory demurrer, in case of Green & Coates Streets Philadelphia Passenger Railway Company v. Philadelphia Rapid Transit Company. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING and KEPHART, JJ. Affirmed.

Assumpsit for income taxes paid on rental.

In 1881 the plaintiff leased to the Peoples Passenger Railway Company all its franchises and property, saving only the bare franchise to be a corporation, for a period of 999 years. As rental the lessee agreed to pay to the stockholders of the lessor a quarterly dividend of $1.50 on the outstanding stock of the lessor, to pay the interest on the lessor's bonds, to redeem the bonds at maturity, and to pay a specified sum each year for the maintenance of the lessor's corporate organization. By the sixth clause of the lease it was further agreed:

"Sixth. That the Lessee shall assume and pay all taxes, charges and assessments, now or hereafter lawfully imposed upon the Lessor's existing bonds, capital stock, real and personal property and future dividends; also, all license fees for each car run; also, the interest, taxes and principal of the existing mortgages on real estate

of the Lessor, according to the tenor of the same mortgages, and the accrued and the accruing ground rent issuing out of the said real estate, and, also any sum which may be recovered in any existing suit, or cause of suit against the Lessor, including all costs and counsel fees."

By subsequent assignment the obligations of this lease were assumed by defendant.

For the year 1917 the plaintiff was assessed an income tax amounting to $3,599.52 upon the rental paid by the defendant under the lease. After demand upon and refusal by defendant to pay the tax, plaintiff paid it and brought this suit to recover the amount so paid. Defendant filed an affidavit of defense in the nature of a demurrer.

FERGUSON, J., filed the following opinion:

The covenants in this case which bind the defendant provide that it, as agent for the lessor (the plaintiff), shall pay to and distribute among the stockholders of the lessor entitled to receive the same a certain amount per share in each year, and also to pay "all taxes, charges and assessments now or hereafter lawfully imposed upon the lessor's existing bonds, capital stock, real and personal property and future dividends."

In our opinion this lease comes within the ruling of Catawissa R. R. Company v. Phila. & Reading Ry. Company, 255 Pa. 269. In that case the covenant required the lessee to pay any taxes upon the capital stock of the lessor company or the dividends thereon. In the case at bar the only feature of the covenant on which an argument could be made which would bind the defendant would be that part requiring it to pay taxes assessed upon future dividends. As the Chief Justice pointed out in the Catawissa case the tax levied by the Federal Government was not a tax upon dividends but a tax upon income. For these reasons judgment must be entered for the defendant.

Judges McMICHAEL and DAVIS concur in this opinion. Plaintiff appealed.

*Error assigned* was the judgment of the court.

*Ralph B. Evans,* of *Prichard, Saul, Bayard & Evans,* for appellant.

*Edward Hopkinson, Jr.,* with him *Ellis Ames Ballard,* for appellee.

PER CURIAM, April 21, 1919:

This judgment is affirmed on the opinion of the lower court directing it to be entered.