Charlson's Furniture Co., to use, Appellant, *v.* Heigley et vir.

Argued April 15, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*W. Davis Graham,* with him *Wade E. Heilman,* for appellant.

*Ward McCullough,* with him *H. P. Boarts,* for appellees.

OPINION BY RENO, J., July 17, 1947:

This is an appeal from an order opening a judgment. A petition to strike off the judgment was denied by the court below, and no appeal was taken from that order.

Charlson's Furniture Company leased household goods to appellee by a bailment contract dated October 10, 1942, for a term of twelve months at a rental of $577, of which $115 was to be paid, and was paid, upon the delivery of goods, and "a deferred rental" of $489.72 payable in 12 monthly instalments of $40.83. Attached to the lease was a judgment note for the unpaid rent of $489.72, and the judgment in question was entered upon that note. The lease and the judgment note were assigned to Personal Discount Company which issued to the appellees a receipt book which notified them: "Payments due are 12 instalments of $40.83 on the 16th day of each successive month and a final monthly instalment of $40.83. First payment is due November 16, 1942."

On November 16, 1942, appellees paid the first instalment of $40.83. On December 3, 1942, a fire upon their premises partially destroyed the furniture, and on December 10, 1942, appellant, acting pursuant to provisions in the lease,[1] took possession of what remained

---

[1] The provisions of the lease upon which appellant based its declaration of default and the retaking of possession are stated in various paragraphs of the document, and have been summarized by appellant as follows: "Lessee agrees to take good care of said property and to be responsible for its loss by fire, theft or other casualty . . . in the event Lessee . . . fails to comply with any condition of this lease, . . . or Lessor deems himself insecure, or Lessor deems the property in danger of misuse or confiscation, this lease shall be in default and the full amount shall immediately become due and payable . . . Upon any such default, Lessor or his representative

of the furniture. On May 19, 1943, judgment was entered upon the warrant of attorney for the balance of $448.89.

The position of appellant is that under its lease it is entitled to retake possession of the furniture and also collect the full amount of the unpaid rental. It contends that the remedies provided by the lease are not alternative, but cumulative, and in that respect it differs from leases litigated in those cases where it has been held that a lessor cannot retake possession and also require payment of the stipulated rental. Cf. *Grakelow v. Kidder*, 95 Pa. Superior Ct. 250; *Markeim-Chalmers-Ludington Inc. v. Mead*, 140 Pa. Superior Ct. 490, 14 A. 2d 152; *Auto Security Co. v. Canelli*, 80 Pa. Superior Ct. 43; *Lukac v. Morris*, 108 Pa. Superior Ct. 453, 164 A. 834. Its lease does indeed provide that upon default the lessor may retake possession and that it "shall have the right to enforce one or more remedies hereunder, successively or concurrently, and such action shall not operate to estop or prevent Lessor from pursuing any further remedy which he may have hereunder, and any repossession or retaking of the property . . . shall not operate to release the Lessee until full payments of all sums *due* hereunder have been made in cash." (Emphasis added).

Thus, under the terms of the agreement, appellant may retake possession and collect the payments *due*, and this brings the case in line with *Scull v. Reiley*, 341 Pa. 529, 19 A. 2d 76, and *Rome S. & S. Station v. Finch*, 120 Pa. Superior Ct. 402, 183 A. 54. In those cases, under partially similar clauses, lessors were allowed to pursue cumulative remedies, but after repossession of the goods the judgments for rental or unpaid instalments of purchase price were restricted to the amount due and unpaid at the time of the repossession.

In the *Rome* case, as appears in the report of the first appeal to this court, 111 Pa. Superior Ct. 226, 169 A. 476,

may take immediate possession of said property . . . without legal process, without demand, and for this purpose Lessor may enter upon the premises where said property may be and remove the same . . ."

judgment was entered for $220.45, the full amount of the unpaid rental, although only two monthly instalments of $21 each were due and unpaid at the time repossession of the truck was taken. Upon the second appeal, where the refusal of the court below to open the judgment was in question, supra, 120 Pa. Superior Ct. 402, 407, this court, notwithstanding that the agreement provided upon default for the repossession of the truck and also for the collection of the instalments of rental, held: " 'The judgment in such event must be restricted to the instalments of rental due and unpaid at the time the plaintiff redelivered the truck in response to the owner's demand.' " In *Scull v. Reiley,* supra, where a contract providing cumulative remedies was involved, the Supreme Court quoted that rule with approval (p. 533), and applied it by allowing recovery only for the two monthly instalments of $625 which were due at the time possession was taken. Id. p. 534. Interest upon the total purchase price was also allowed, but that question, the subject upon which the Supreme Court divided, is not involved in this case.

This is indeed what the parties expressly stipulated in this case, that is, for the "full payments of all *sums due.*" (Emphasis added). Appellant's remedies were therefore cumulative to the extent that it could retake possession and collect the rental *due* and unpaid, but it could not collect more than the rental *due.*

On December 10, 1942, when possession was taken, no rent was due. The first instalment had been paid on November 16th and, under the agreement, no further payment was due until December 16, 1942. Accordingly, repossession having been taken at a time when no rent was due, appellees have a meritorious defense to the judgment, and the court below properly opened it.

The further questions discussed at the oral argument and in the briefs are not properly before us upon this appeal, and decision upon them is reserved until they are duly presented to us.

Order affirmed.