## Graeff's Appeal.    Meily's Appeal.

1. Smeid assigned for the benefit of creditors, his real estate being subject to three judgments to Graeff, who sold it under the judgments; the proceeds were brought into court and decreed to be paid to Graeff; two judgments were paid in full and the third in part. In the distribution of the personal estate in the hands of the assignees, the court below decreed a dividend on the whole of the *unpaid* judgment only.    *Held* to be error; the dividend should be on the whole amount of all the judgments until they should be paid in full, if a *pro ratâ* dividend would reach that.

2. Upon an assignment for the benefit of creditors, the property of the assignor is in trust for the benefit of all his creditors, without regard to the nature of the securities they hold; the creditors are the equitable owners.

3. Graeff's interest was to the extent of his *whole* claim; neither the payment in full of one judgment, nor the fact that real estate was first resorted to, changed his position.

4. Miller's Appeal, 11 Casey 481; Morris *v.* Olwine, 10 Harris 441, followed.

June 3d 1875.    Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Appeals from the decree of the Court of Common Pleas of *Lebanon county :* No. 102 and 129, to May Term 1875.    In the distribution of the estate of John A. Smeid, assigned for the benefit of his creditors.

On the 12th of April 1873, Smeid made an assignment of his real and personal estate for the benefit of his creditors.

At the date of the assignment Moses K. Graeff held judgments which were liens on Smeid's real estate, viz. :—

1. Judgment (of revival) No. 21 to August Term 1873 for $3000.
2. No. 232 to April Term 1871 for $1000.
3. No. 99 to November Term 1872 for $4700.

On executions issued by Graeff on his judgments, Smeid's real estate was sold by the sheriff on the 13th of December 1873. The proceeds of sale were brought into court, and upon the report of the auditor to make distribution, confirmed August 21st 1874, the first and second judgments of Graeff were decreed to be paid in full, and of the last judgment, amounting to $4971.81, there was decreed to be paid all but $861.44.

Graeff received all the money awarded him under the decree.

The assignees settled an account of their administration of the trust, which was confirmed August 21st 1874, and James W. Ebur, Esq., appointed auditor to make distribution of the balance in their hands.    Before him Graeff claimed that he was entitled to a distribution from the fund arising from the personal estate upon the whole amount of *all* his judgments without regard to the

[Graeff's Appeal.]

amounts received from the sales of the real estate, so that this would not exceed the whole amount of his claim. The auditor was of opinion that Graeff was entitled to a dividend only on $861.44, the balance remaining due on his last judgment.

Graeff filed exceptions to the auditor's report: that he should have been allowed a dividend on the full amount of all his judgments until the whole balance should be paid.

The court (Henderson, J.) held that the exceptant had the right to come in on the personal fund for a dividend on the whole amount of the unpaid judgment: No. 99 to November Term 1871. As to the other two judgments he said :— * * *

"The counsel for the exceptant further argues that the distribution by the auditor should have been made upon the aggregate amount of the indebtedness of the assignor at the date of the assignment, including the judgments which were paid in full and satisfied out of the proceeds of the real estate sold by the sheriff; this in order to give the subsequent judgment-creditors, unpaid by way of subrogation, the share of those judgment-creditors who are paid in full. To state this proposition is to answer it. The paid creditors themselves cannot come in upon this fund. By pursuing one remedy to satisfaction they surrender the other. Their right to participate at all is only a right in equity. Their priority upon the real estate satisfied them, but it did not take away any right from them which must enure to the benefit of all other creditors equally. The judgment-creditors have no priority of lien upon the personal fund. They can acquire none by subrogation."

The court corrected the report of the auditor by allowing to Graeff a dividend on the principal and interest of the judgment No. 99 to November Term 1872 only.

Graeff appealed to the Supreme Court. He assigned for error: that the court did not decree him a dividend on the whole amount of all his judgments until he was paid in full, if such distribution would reach so far.

C. H. Meily, a creditor, for himself and the other creditors, also appealed to the Supreme Court, and assigned for error: that the court erred in allowing Graeff a dividend on the full amount of the judgment No. 99 to November Term 1872, instead of upon the balance, after deducting the amount received upon it from the proceeds of the sheriff's sale.

*J. M. Light* and *J. Funck*, for Graeff, as to his right to receive a dividend on his whole claim, cited Morris *v.* Olwine, 10 Harris 442; Miller's Appeal, 11 Casey 482; Patton's Appeal, 9 Wright 160; Keim's Appeal, 3 Casey 45; Brough's Estate, 21 P. F. Smith 460; Hess's Estate, 19 Id. 272.

*G. Weidman* and *W. M. Derr* (with whom were *J. Benson* and

· [Graeff's Appeal.]

*A. R. Boughter*), for Meily and the general creditors.—The distribution of the proceeds of the sheriff's sale of the real estate to Graeff's judgments was *res judicata*, and being unappealed from is binding: Finney's Appeal, 3 Barr 312; Ellmaker *v.* The Franklin Fire Ins. Co., 6 W. & S. 442.

Mr. Justice SHARSWOOD delivered the opinion of the court, October 12th 1875.

We cannot agree in opinion with the learned judge below, that to state the proposition upon which the appellants rest their case is to answer it.   That proposition properly stated is, that the assignment of John A. Smeid and wife, on July 12th 1873, was in trust for all his creditors then existing, pro ratâ, without regard to the nature of the securities they held.   So far as regards the assigned estate, they were no longer creditors, but equitable owners.   Graeff was not an equitable owner of as many separate shares as he had distinct debts.   His interest was to the extent of his whole claim on the estate.   The payment in full of one judgment no more changed his position than would the payment of one item of a book account.   It cannot alter the case that the real estate on which the judgments were liens was first resorted to.   This was for the benefit of the other creditors.   It might have so happened that the proceeds of that fund would have paid his whole debt, or so much of it that his pro ratâ dividend on his whole claim would have more than paid the balance.   Of course he would be entitled to no more than his entire debt.   Now if the proceeds of the personal property, the primary fund, had been distributed first in the order of time, there can be no doubt he would have been entitled to a full dividend, and if afterwards he had proceeded on his judgment, and made more than the balance, he would have been a trustee as to the excess for the assignee.   The order of time in which he proceeds ought surely to make no difference.   It is true the judgments were satisfied—the debts were paid in full; but that did not *pro tanto* extinguish his title to come on the assigned estate as one of the original *cestuis que trust*, until his entire interest was extinguished.   The principle upon which this case must rest was settled in Morris *v.* Olwine, 10 Harris 441, which cannot, we think, be distinguished from it.   There a creditor by bond and notes, secured by mortgage, having proceeded on his mortgage and realized the greater portion of his claim, was held still entitled to a pro ratâ dividend on his whole claim.   It was not suggested then that the law would appropriate the proceeds of the mortgage to pay and satisfy the earlier bonds, and leave him to his claim only on those remaining unpaid or only paid in part.   The fact that the pro ratâ was ascertained by an auditor before the amount was made on the mortgage ought not to make any difference.   In Miller's Appeal, 11 Casey 481, the money was received on a security ob-

[Graeff's Appeal.]

tained after the assignment, and before any pro ratâ was declared. This must now be considered well settled law, and it will be unsafe to permit it to be modified by exceptional cases, which are clearly within the principle.

> Decree reversed and record remitted that a decree may be entered in conformity to this opinion.
>
> The appeal of Charles N. Meily dismissed at the cost of the appellant.
>
> The costs in Graeff's appeal to be paid from the fund.