# Kelley Springfield Road Roller Company, Appellant, *v.* Schlimme.

*Contract—Sale—Conditional sale—Bailment—Personal property—Alternative remedies.*

In an action upon promissory notes where it appears that defendant received from plaintiff a machine under an instrument in writing called a lease, by which the defendant was to "pay for the use and hire" of the machine a certain sum of money each month for a term of months, and thereafter upon the payment of $1.00 to receive a bill of sale for the machine, and it also appears that the plaintiff had the right upon default by the defendant to enter upon defendant's premises and take possession of the machine without trespass, the plaintiff cannot, after having taken possession of the machine at the end of the term, and before any money had been paid, maintain an action against the defendant on the notes. In such a case the remedy of the plaintiff is in the alternative. He may either affirm the contract and sue on the notes, or take possession of the machine. Having elected one remedy he cannot have the benefit of the other.

Argued Feb. 3, 1908. Appeal, Nos. 279 and 280, Jan. T., 1907, from orders of C. P. Montgomery Co., Oct. T., 1906, Nos. 150 and 151, refusing to take off nonsuits in cases of the Kelley Springfield Road Roller Company v. John Schlimme and the Kelley Springfield Road Roller Company v. Schlimme Construction Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Assumpsit on promissory notes.

The facts are stated in the opinion of the Supreme Court.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*G. Rodman Fox* and *N. H. Larzelere,* for appellant.—In the case at bar, there was no rescission of the contract, for default in payment, during the terms of the lease, but there was an express carrying out of their contract after the expiration of the rental period, and they had the right to recover upon the notes which were given as collateral security for the payment of the rent, and in all good conscience should be paid what their contract called for : McGrann v. Pittsburg & Lake Erie R. R. Co., 111 Pa. 171.

*Louis M. Childs,* for appellees.—The contract is not a contract of leasing : Rowe v. Sharp, 51 Pa. 26 ; Myers v. Harvey, 2 P. & W. 478.

After the machine was taken back plaintiff had no right to sue on the notes : Campbell Printing Press & Mfg. Co. v. Hickok, 140 Pa. 290 ; Seanor v. McLaughlin, 165 Pa. 150 ; Durr v. Replogle, 167 Pa. 347 ; Kirkwood's Assignment, 2 Pearson, 257.

OPINION BY MR. JUSTICE MESTREZAT, March 16, 1908 :

The above cases were tried together in the court below, and as they arise out of the same transaction and the decision of the two cases depends on the same legal principle, we will dispose of them together.

On or about April 15, 1904, the plaintiff company delivered to the defendant, John Schlimme, two steam road rollers. They remained in his possession until November 1, 1904, when a written contract was entered into between the plaintiff company and the Schlimme Construction Company for the rollers. This contract was in the shape of a written offer by the defendant company, and an acceptance by the plaintiff company. It was called a lease. The defendant company was to receive the rollers, and pay for their use and hire for a period of thirteen months the sum of $5,400, payable, except $250 cash in hand, in thirteen notes, one due each succeeding month. The monthly payments, secured by notes, were as follows : the first, third and fourth months, $200 ; the second month, $150 ; the fifth to the twelfth month inclusive (8 months), $500 ; and the thirteenth month, $400. The notes were to draw interest at the rate of six per cent.

The contract provided that the possession and ownership of the rollers should not pass from the plaintiff company, and " at the expiration of this lease they shall be returned to them." It also provided that in case the defendant company failed to protect the machines " or in case any of the said notes are not paid at maturity, or within——————thereafter," the plaintiff company " shall have the right to enter upon the premises where said rollers may be located, and take possession of, and remove same without trespass."

The agreement concluded with a provision that if the defendant company paid all the notes, it should have the privilege of purchasing the rollers, " and that for the further consideration of one dollar, you will sell and deliver said rollers to us and make a bill of sale for the same."

The contract was signed by the Schlimme Construction Company, and the notes were signed by John Schlimme. The cash in hand was not paid nor were any of the notes paid. No money whatever was paid by Schlimme or the construction company to the roller company on the contract. The rollers were kept by the construction company until on or about September 27, 1906, when, according to the testimony of the plaintiff's sales agent, the plaintiff entered the premises of the construction company and took possession of the rollers, " in exercising of the rights reserved in this contract, whatever they may be." So far as the evidence discloses, the plaintiff still retains possession of the rollers and claims them as its property.

These two suits were brought by the Kelley Springfield Road Roller Company to recover the $5,400 and its interest, one of the suits being brought on the notes against John Schlimme; the other, on the contract against the Schlimme Construction Company. On the trial, the court granted a nonsuit in each case which it subquently refused to take off. The plaintiff has taken these appeals.

The rights of the parties in these actions depend upon the contract between the plaintiff company and the construction company, and the subsequent action of the parties in pursuance thereof. The contract itself shows that the $5,400 required to be paid for the use of the rollers constituted the full value of the rollers. That appears conclusively from the stipulation in

the contract by which the plaintiff company was to sell and deliver the rollers to the construction company on the payment of that sum and an additional nominal consideration. While the contract provides that the sum named shall be "for the use and hire of the said steam road rollers for a period of thirteen months," yet the clause providing for the sale determines the fact that the sum was the full consideration for the machines. The rental value fixed by the contract was, in the judgment of the parties, the market value of the rollers when the construction company took possession of them.

The contract may be regarded as dual : (1) a hiring or bailment, and (2) a contract of sale. The ultimate purpose of the agreement was a sale of the rollers to the construction company. If the latter complied with the terms of the contract as to payment, the title of the machines passed to the construction company, and it could demand of the plaintiff a bill of sale transferring the title to it. The possession of the machines passed to the construction company upon the execution and delivery of the contract, and it had a right to the possession of the machines so long as it complied with the terms of the agreement, that is, made the payments stipulated in the contract. The title would follow the possession as soon as all the installments of the consideration money were paid, and then an indefeasible title to the machines would become vested in the construction company.

The so-called lease or bailment was to preserve the ownership of the bailor until the full consideration money was paid. The plaintiff company did not intend the title to the machines to pass from it until that event had occurred, and, under our decisions, the contract entered into by the parties was legitimate and legal for such purpose.

By the provisions of the agreement, it will be observed that " at the expiration of this lease they (the rollers) shall be returned to them (the plaintiff)." If for any reason the sale had not been consummated, as contemplated in the contract, it would have been the duty of the construction company to return the rollers to the plaintiff at the expiration of the thirteen months. Of course, it is not to be reasonably inferred, that the construction company would pay the $5,400, the value of the machines, and redeliver them to the plaintiff at the expi-

ration of the so-called lease.    On the other hand, the reasonable presumption is that if the construction company had paid the $5,400, it would have required the plaintiff to comply with the stipulation in the contract and transfer the title to the machines to the construction company.    This it had a legal right to do, and the presumption is that it would have done so.

Under the contract, the plaintiff had two remedies for a default in payment of the installments stipulated to be paid in the agreement: it could, in affirmance of the contract, have brought suit as each installment became due, permitting the machines to continue in possession of the defendant company; or it could "enter upon the premises where said rollers may be located, and take possession of, and remove same without trespass," thereby rescinding the contract.    These two remedies are secured to the plaintiff by the agreement of the parties. They are unquestionably not cumulative, but are in the alternative.    This necessarily follows from the conceded fact that the "pay for the use and hire" of the rollers was their full market value, and the stipulation that on the payment thereof the title to the property was to pass to the construction company.    There is no ground whatever for interpreting this contract so as to impose on the construction company a penalty of the full value of the machines for a failure of the company to comply with the agreement.    To subject the company to such penalty, it must be so stipulated in the contract in clear and unmistakable language.    On the contrary, we find in the agreement provisions for its enforcement as well as its rescission.    As already suggested, the plaintiff could enforce the payment of the several installments as they severally became due by an action at law.    This would be in affirmance of the contract and would give the construction company the right to retain the possession of the machines.    If, however, the plaintiff company desired to rescind the contract and repossess itself of the machines, it was fully authorized to do so by the terms of the agreement on a breach thereof by the construction company failing to make any one or all of the payments stipulated in the contract.    The failure to make the payments as they became due was a breach of the contract and the plaintiff had the right to rescind "and take possession of, and remove same without trespass."    There was one condition, however,

imposed upon the plaintiff company's action in this respect, and that was that if it took possession of the machines and thereby rescinded the agreement, it could not demand payment of the unpaid installments of money provided in the contract. The plaintiff's assertion of its right to rescind by repossessing itself of the machines was the end of its alternative right to enforce the agreement by compelling payment of the consideration money. This is the proper interpretation of the agreement of the parties as clearly disclosed by its terms.

The construction company retained possession of the machines for several months after the expiration of the thirteen months named in the contract. So far as the evidence discloses, no payments whatever were made by the construction company to the plaintiff, nor did the former return the machines to the latter " at the expiration of this lease." The notes, taken as collateral for the rental, remain unpaid. On or about September 27, 1906, the defendant company, as testified by its sales agent, "removed these rollers, took them from The Schlimme Construction Company under the rights reserved in the contract, . . . . in exercise of the rights reserved in this contract, whatever they may be." As suggested by the plaintiff's counsel, until the contrary appears, it will be presumed that what action was taken by the parties relative to the transactions arising out of the contract was taken in pursuance of the contract and to carry out its terms and conditions. By the terms of the contract, the plaintiff was authorized to take possession of the rollers only " in case any of the said notes are not paid at maturity, or within ——— thereafter," or on failure of the defendant company to protect the machines. There is no allegation that the construction company failed to protect the machines, and hence it must be assumed that the plaintiff company repossessed itself of the machines because the notes, the consideration named in the contract, were not paid. The plaintiff's action, therefore, in taking possession of the machines was in strict compliance with the contract authorizing it do so in default of payment of the consideration money. This was a right reserved in the contract, and according to the testimony of the plaintiff's employee, possession of the machines was resumed "in exercise of the rights reserved in this contract, whatever they may be." The right to repossess itself of the machines was not

confined to any period or any time.   The company could take
the machines in default of the payment of any installment, or, at
its own pleasure, it. could wait until all of the consideration
money was due or any time thereafter and take possession of the
machines.   The action of the company in this respect depended
solely upon its own pleasure.   The right of the construction
company to return the machines, as provided in the agreement,
is altogether different from the right of the plaintiff company
to take possession of them.   There is nothing disclosed by the
record tending to show that the rollers were removed by the
plaintiff by reason of the construction company having failed
to return them at the expiration of the lease.   On the contrary,
as we have seen, the plaintiff's own employee testified that the
rollers were removed " in the exercise of the rights reserved
in this contract."   Those rights permitted a removal " in case
any of the said notes are not paid at maturity, or within ———
thereafter."   It is, therefore, clear that the plaintiff removed
the rollers in pursuance of the provision of the contract which
permitted such action on failure of the construction company
to pay the consideration money.   This act of the plaintiff was
a rescission of the contract, and deprives the plaintiff of any
right of action on the contract or on the notes to enforce pay-
ment of the money stipulated to be paid in the agreement.
The plaintiff cannot retain the machines, and at the same time
demand payment of their value.   The contract does not so pro-
vide, and justice will not permit it.   The manifest purpose of
both parties to this agreement was, in the language of Chief
Justice Gibson in Myers v. Harvey, 2 P. & W. 478, " that the
contract of bailment should preserve the ownership of the
bailor during the particular relation created by it, and the con-
tract of sale which supersedes it should transfer the title as
soon as it was called into action by the payment of the price."
It was not the intention that the construction company should
pay the price and that the plaintiff should retain the machines.

This case is ruled by the doctrine announced in Seanor v.
McLaughlin, 165 Pa. 150, and Campbell Printing Press & Mfg.
Co. v. Hickok, 140 Pa. 290.   In the former case, in which the
contract provided for a personal judgment for the considera-
tion money or the retaking of the machine, Mr. Justice Dean,
delivering the opinion of the court, said (p. 156) : " Either rem-

edy was complete in itself, and the plaintiffs, on default, could adopt either ; but they were not cumulative ; they could not adopt both, unless it was plainly expressed in the contract, or a necessary implication from its terms.  The words of this contract negative such a construction. . . . They (the plaintiffs) rescinded the contract by retaking into their possession the subject of it, which they had a right to do, and then immediately entered their bond and issued execution to levy on other property of defendant, which they had no right to do, for the contract or obligation, to which the bond was collateral, no longer existed.  It ought to have been surrendered to defendant when he demanded it at the time plaintiffs took away the machine."

The judgment of the court below in each case is affirmed.