## In re FITZPATRICK.

(District Court, W. D. Pennsylvania. October, 1923.)

No. 10409.

Bankruptcy ⬤140(1)—Sales ⬤477(4)—Assignee of bailment lease covering automobile held not entitled to reclaim from lessee's trustee in bankruptcy; title held to have passed under bailment lease.

Assignee of bailment lease covering automobile and note for monthly payments due thereon, by taking judgment for unpaid balance after default and levying on automobile and other personalty, *held* to have affirmed ownership in lessee and precluded itself from subsequently asserting ownership in itself and reclaiming from trustee in bankruptcy of lessee.

In Bankruptcy. In matter of bankruptcy of John Fitzpatrick. Review of referee's decision refusing reclamation. Exceptions dismissed, and finding sustained.

James A. Gleason, of Du Bois, Pa., for bankrupt.

GIBSON, District Judge. On May 31, 1921, the Pennsylvania Motor Sales Corporation delivered a Ward-La France automobile to John Fitzpatrick upon an ordinary bailment lease. By the terms thereof the lessee was to pay a certain amount down and the balance of the purchase value of the machine in monthly payments. When the last of these payments had been made, the lessee was entitled, upon payment of $1, to receive a bill of sale. At the same time that the lease was signed the lessee gave the lessor a note as evidence of the amount due for said installments, but it was specifically provided by the bailment lease that such note was not accepted in payment of the amount due. The bailment lease and note were subsequently assigned to the petitioner herein, the Automobile Finance Company. The lessee, above named bankrupt, defaulted in several installments due, and the Automobile Finance Company, by its attorney, confessed judgment for the whole of the unpaid balance due, with attorney's commission, in the court of common pleas of Clearfield county, and issued an execution upon the judgment. The sheriff, on February 2, 1922, served the writ upon the present bankrupt and levied upon his personal property, including in the levy the automobile bus which is the subject of the reclamation petition under consideration.

Subsequent to the levy, and before sale by the sheriff, John Fitzpatrick filed in this court his voluntary petition in bankruptcy and was adjudicated a bankrupt on March 29, 1922. Later the Automobile Finance Company presented its petition to the referee in bankruptcy, wherein it claimed title in the said automobile bus and prayed that it be delivered to it. The referee granted a rule upon the trustee to show cause why the said automobile should not be delivered to the Automobile Finance Company, and upon hearing refused the petition, and in due time the matter was certified to this court.

The question for determination by the court is whether the remedies given the lessor in the bailment contract are cumulative to the point where either the machine is recovered or the purchase price fully paid, as claimed by the Automobile Finance Company, or divergent, as claimed by the trustee and creditors. There is no question but that the remedies given are alternative to the extent that the lessor is not entitled to recover the machine and the full amount of the payments as well. If he obtains the amount of the payments, he is not entitled to the machine; and if he recovers the machine, he is not entitled to the money.

As we view the matter, the claimant herein, by its action in entering judgment for the full amount of its claim, issuing execution thereon, and causing levy to be made upon the automobile bus in question and other personal property of the present bankrupt, adopted one of the two remedies open to it, to the exclusion of the other. In other words, by its action it affirmed ownership in John Fitzpatrick and is precluded from now claiming ownership in itself.

Our attention has been called to Durr v. Replogle, 167 Pa. 347, 31 Atl. 645, which, upon first reading, seems to be contrary to the opinion expressed. An examination of that case, however, discloses a different state of facts than exists in the present case. Judgment was only entered for one of a number of payments in which the lessee had defaulted. The court below, in its opinion, which was adopted by the Supreme Court, had this particular matter in mind and treated the entry of judgment as security for the unpaid installments. There was no judgment entered for the full amount nor execution issued. We quote from the opinion of the court as follows:

"The entering up of judgment by the plaintiff did not interfere with the right of reclaiming the property which he exercised.

While the agreement is in the alternative, that the so-called bailor may enter up judgment or reclaim the property, there is nothing to prevent his doing both. The judgment is evidently intended merely as security for the unpaid installments. A default does not make them all presently due, and execution could therefore only issue for them as they became payable. The entry of judgment consequently constituted but a step in the direction of collecting the installments. It did not amount to a satisfaction, nor are the parties against whom it was entered brought any nearer to a fulfillment of their side of the contract. Neither did it amount to an affirmance of title in them, because the agreement says no title shall pass until the installments are paid and a bill of sale delivered, and as far as the parties are concerned, this is binding. The two remedies given by the agreement are not inconsistent with each other, and the partial pursuit of the one does not therefore preclude a resort to the other. The usual rule must prevail, that a party can have any number of different remedies so long as he secures but one satisfaction. Having retaken the goods into his own possession, no doubt Mr. Durr could not now collect the judgment, and if he undertook to enforce it the court would very quickly interfere. The mere fact, however, that it is left open amounts to very little. There are many judgments of record that in like manner have served their purpose and been superseded, and yet stand undisposed of."

As we view Durr v. Replogle, supra, it is not directly applicable to the case before us.

An order will be drawn, dismissing the exceptions and sustaining the finding of the referee.