VIKING AUTOMATIC SPRINKLER COMPANY, Appellant, vs. THWAITS and another, Respondents.

*February 6—May 1, 1934.*

*Arnold C. Otto* of Milwaukee, for the appellant.
*John W. McMillan* of Milwaukee, for the respondents.

The following opinion was filed March 6, 1934:

FRITZ, J.   It is true, on the one hand, that under plaintiff's conditional sale contract and ch. 122, Stats., in relation to such contracts, the equipment in question did not immediately upon installation become part of the realty, but was to continue as personal property belonging to the plaintiff, until the purchase-price was paid and title thereto was thereby acquired by the owner of the realty.   However, on the other hand, under the terms of sec. 289.01, Stats., plaintiff could have a lien on the realty only upon the equipment being, by reason of some voluntary act on its part, "so erected or constructed as to be or become a part of the freehold upon which it is situated."   Physically that had, of course, occurred immediately upon the installation of the equipment by plaintiff, but by reason of the reservations in its conditional sale contract, and the provisions in ch. 122, Stats., that

would not be deemed, in law, to occur until the purchase-price is paid, unless plaintiff made an election to pass title, and thereby relinquished and passed title to the equipment, and made the same irrevocably a part of the realty on which it was installed, so that plaintiff became precluded from exercising any right to retake the equipment.

Prior to the enactment of the Uniform Conditional Sales Act (ch. 122, Stats.), the authorities were in disagreement as to the effect of the commencement of an action upon the seller's right to subsequently retake the goods. The weight of authority seems to have been to the effect that "any step in the direction of recovering a money judgment for the price showed an intent to waive the right of retaking, and that any movement to resume control of the goods prevented a later action for the price." Vol. 2A, Uniform Laws Annotated, "Commentaries on Conditional Sales," sec. 24. In sec. 122.24 of the Uniform Conditional Sales Act, it is provided that—

"Neither the bringing of an action by the seller for the recovery of the whole or any part of the price, nor the recovery of judgment in such action, nor the collection of a portion of the price, shall be deemed inconsistent with a later retaking of the goods as provided in section 122.16."

However, in the sentence which immediately follows in that section, it is further provided that—

"such right of retaking shall not be exercised by the seller after he has collected the entire price, or *after he has claimed a lien upon the goods,* or attached them, or levied upon them as the goods of the buyer."

That provision, as enacted, was in the Uniform Conditional Sales Act, as drafted by the Commission on Uniform Laws, of which Prof. George G. Bogert was a member. In his commentaries on that act, there are the following statements in sec. 127, vol. 2A, Uniform Laws Annotated, in relation to that provision:

"If the seller asserts, and attempts to enforce, a lien upon the goods, he makes an election to pass title to the buyer and

should not thereafter be allowed to retake the goods. The seller cannot have a lien on his own goods. The assertion of a lien means that the seller regards the goods as belonging to the buyer. The lien may be a mechanic's lien, due to the annexation of fixtures to real property; or a materialman's lien. . . ." (p. 177).

"Under the act, the mere claim of a lien, and mere levy or attachment, whether pursued to such a conclusion as to bring money into the hands of the seller or not, amount to an election to treat the buyer as general owner of the goods and consequently are waivers of the seller's reserved title. In this respect the act is at variance with cases referred to above, in which retaking has been allowed after an unsuccessful attempt to assert a lien, or to use attachment or levy. On no other hypothesis than that of general ownership in the buyer, can the seller have a lien on the goods as a whole, or have a right to attach them, or levy upon them. Such claim of a lien, or attempted levy or attachment, therefore, is a clear statement by the seller that he has passed title to the buyer and that the sale is no longer conditional" (p. 180).

Although there is a conflict under authorities as to whether the mere filing of a claim for such a lien, without attempting to enforce the same by taking judgment therefor in order to realize thereon, defeats the vendor's right to retake possession, it has been generally held, or at least recognized, that the filing of such a claim followed by taking of judgment in an action to enforce such a lien constitutes an irrevocable election between inconsistent remedies and a renunciation of his claim of title and right to retake possession. *General Fire Extinguisher Co. v. Equitable Trust Co.* 17 Fed. (2d) 968; *Fire Protection Co. v. Hawkeye Tire & Rubber Co.* 8 Fed. (2d) 810, 45 A. L. R. 180, 184; *In re Levin, Kronenberg & Co.* 220 Fed. 451, 452; *Van Winkle v. Crowell,* 146 U. S. 42, 50, 13 Sup. Ct. 18, 36 L. Ed. 880; *Bierce v. Hutchins,* 205 U. S. 340, 27 Sup. Ct. 524, 51 L. Ed. 828, 833; 55 C. J. p. 1223, § 1213 c.

Consequently, in the case at bar the court rightly concluded that plaintiff by filing its claim for lien, and com-

mencing and prosecuting its action to enforce that lien, and obtaining judgment thereon, made an election of remedies, which precluded it from thereafter exercising any alleged right of retaking the sprinkler equipment; and that by such election plaintiff had relinquished and passed title thereto to the lessees and vendees named in the conditional sale contract, and made that equipment irrevocably a part of the realty to which it was affixed. As that conclusion affords ample basis for the judgment herein, it is unnecessary to also determine whether the judgment in the mechanic's lien is *res adjudicata* and constitutes a bar to this action to recover possession of the equipment. On the other hand, that conclusion is in no respect in conflict with the decision in *Herro v. Heating & Plumbing F. Corp.* 206 Wis. 256, 239 N. W. 413, in which we held that a prior taking of a note for materials and labor and entering judgment thereon did not, in view of sec. 289.05, Stats., in itself amount to a waiver of the right to a mechanic's lien, or an election of a remedy inconsistent with the cumulative remedy to have judgment foreclosing the lien. Manifestly, both remedies were entirely consistent with title to the property, which constituted the consideration for the note and the basis for the lien, vesting in the owner of the realty.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on May 1, 1934.