MONTANA DAKOTA POWER CO., Respondent, v. JOY, et al, Appellants.

(258 N. W. 808.)

(File No. 7685. Opinion filed February 18, 1935.)

*Williams & Sweet,* of Rapid City, for Appellant.
*H. F. Fellows,* of Rapid City, for Respondent.

CAMPBELL, J. On September 20, 1930, Clara E. Joy, the owner and occupant of a house in Rapid City, purchased from Montana Dakota Power Company (hereinafter called the power company) a certain gas burning heating boiler priced at $1,200. This transaction was had pursuant to a conditional sales contract duly executed between Clara E. Joy and the power company, which conditional sales contract, however, was never filed in the office of the register of deeds of Pennington county (section 6, c. 137, Laws 1919). The equipment was duly installed by the power company at or about the time purchased in the premises then owned and occupied by Clara E. Joy. At that time C. F. Lytle held several tax sale certificates against the premises in question and tax deed of the property was issued to him, based upon said certificates, on April 30, 1931.

Meantime, on November 8, 1930, the power company had filed with the clerk of courts of Pennington county a lien statement (section 1649, Rev. Code 1919), claiming a mechanic's lien upon the realty, by virtue of the installation of said heating equipment, for the full amount of the agreed purchase price thereof.

After securing his tax deed, and on August 13, 1931, Lytle

commenced an action in the circuit court of Pennington county to determine adverse claims and quiet title to the realty, in which action the power company was made a defendant and served with process. The power company answered, setting up the existence of its mechanic's lien and claiming priority therefor. Prior to trial, however, the power company by stipulation withdrew its answer and consented to the entry of judgment quieting title to the realty in Lytle. Immediately after so stipulating the power company instituted the present action, against Clara E. Joy and C. F. Lytle as defendants, to recover possession of the heating equipment in question upon the theory that the same was personal property and that the power company was entitled to the possession thereof for default in payment of the purchase price by virtue of retention of security title pursuant to its conditional sales contract with Clara E. Joy.

In the action thus instituted by the power company, Clara E. Joy defaulted, but defendant Lytle appeared and answered to the merits, pleading, inter alia, the assertion of the claim of mechanic's lien against the realty by the power company as aforesaid.

The case was tried to the court without a jury. Findings and conclusions were in favor of plaintiff power company, and judgment was entered pursuant thereto declaring plaintiff entitled to the possession of the heating equipment or a money judgment in the sum of $1,200, if possession thereof could not be had. From this judgment and a denial of his application for new trial defendant Lytle has now appealed.

Appellant urges numerous assignments of error, but we deem consideration of one of them sufficient for disposition of the case.

There is in force in this state the Uniform Conditional Sales Act (chapter 137, Laws 1919), and section 24 thereof provides in part as follows: " * * * But such right of retaking shall not be exercised by the seller after he has collected the entire price, or after he has claimed a lien upon the goods. * * * "

Appellant maintains that, when respondent asserted its mechanic's lien against these premises by filing statement thereof with the clerk of courts, it thereupon lost the right to treat the heating equipment in question as personalty to which it had retained title, and cannot thereafter exercise the right to retake the same as conditionally sold personalty.

In this contention we think appellant is correct. The theory underlying claim of mechanic's lien upon realty for an article of improvement furnished thereto is that title to the article has passed and that it has entered into and become part of the realty, which is manifestly inconsistent with a view that the article continues personalty and that the title thereto continues in the seller who furnished it. Even in states which do not have the Uniform Conditional Sales Act, it is generally held that assertion of a mechanic's lien and an attempt to enforce the same is a waiver of the conditionally reserved title. Where the Uniform Law is not in force, there is apparently some conflict as to whether the mere filing of a claim for lien, without an attempt to enforce it, defeats the right to retake under the conditional sale. See discussion of this point in Viking Automatic Sprinkler Co. v. Thwaits (Wis. 1934) 253 N. W. 398. See, also, Bogert, Commentaries on Conditional Sales (Uniform Laws Annotated, vol. 2A) § 127 at page 178. We think the Uniform Law was intended to and does settle this controversy by providing specifically and clearly that the right of retaking shall not be exercised after the vendor "has claimed a lien." See Bogert, Commentaries, supra, p. 180. That is the rule announced by the New York Court of Appeals (Heating & Plumbing Finance Corp. v. Friedman [1934] 264 N. Y. 285, 190 N. E. 641) in a case very similar upon the facts to the present case, and we think it is the sound rule. As stated by Professor Bogert: "The assertion of the lien shows a state of mind on the part of the seller, whether founded on fact or not, which is wholly inconsistent with a later retaking of the goods." It is not material that respondent subsequently abandoned the attempt to assert its mechanic's lien in the action to quiet title. When the claim of lien was made by the filing of the lien statement, the right to retake the goods was lost, and it follows that respondent was not entitled to prevail in the present action.

The judgment and order appealed from are therefore reversed, and, inasmuch as the findings of fact show, inter alia, the filing of the mechanic's lien statement by respondent, the trial court is directed to make and enter, upon the present findings, conclusions of law and judgment in favor of appellant Lytle for the dismissal of the complaint, with costs.

All the Judges concur.