## In re ELKINS et al.

No. 21266.

District Court, E. D. Pennsylvania.

April 15, 1941.

J. Jerome Sklar, of Philadelphia, Pa., for trustee.

David E. Rattin, of Philadelphia, Pa., for claimant.

KALODNER, District Judge.

This review arises from a petition for reclamation of the proceeds of the sale of certain chattels (three scales and one meat chopper).

The undisputed facts are as follows:

The scales and meat chopper came into the possession of the bankrupt in May, 1938, by virtue of a conditional sale, properly recorded. A default having occurred by the vendee, the vendor on March 12, 1940, entered judgment for the unpaid balance, and on the same day, at his instance, a writ of execution was issued against the assets of the vendee, including the scales and meat chopper under the conditional sale.

The sheriff thereupon made a levy in accordance with the execution writ. Subsequently, on March 21, 1940, an involuntary petition in bankruptcy was filed against the vendee, and the sheriff was restrained by this Court from proceeding with the execution.

Following this restraining order, the petitioner herein filed a reclamation petition on April 5, 1940, in this Court seeking re-possession of the scales and meat chopper. He failed, however, to post the reclamation bond of $600 which was ordered. The receiver then sold all of the assets of the bankrupt-vendee, including the scales and meat chopper, on April 9, 1940. The scales and meat chopper sold for $250.

The conditional vendor-claimant on May 9, 1940, filed a petition for payment to him of $248.02 (his balance due) out of the $250 proceeds of the sale of the scales and meat chopper. The referee made an order directing the receiver of the bankrupt-vendee to turn over this sum to the claimant, the conditional vendor, resulting in the petition for review now under consideration.

It is clear that the order of the referee must be reversed.

Section 24 of the Uniform Conditional Sales Act, Penna. Act, May 12, 1925, P.L. 603, 69 P.S. § 459, provides: "After the retaking of possession, as provided in section sixteen, the buyer shall be liable for the price only after a resale and only to the extent provided in section twenty-two. Neither the bringing of an action by the seller for the recovery of the whole or any part of the price, nor the recovery of judgment in such action, nor the collection of a portion of the price shall be deemed inconsistent with a later retaking of the goods, as provided in section sixteen; *but such right of retaking shall not be exercised* by the seller after he has collected the entire price or *after he has claimed a lien upon the goods or attached them or levied upon them as the goods of the buyer.*" (Italics supplied.)

This section is a complete denial of the claimant's position. See Viking Automatic Sprinkler Co. v. Thwaits, 215 Wis. 225, 253 N.W. 398; Heating, etc., Corp. v. Friedman, 264 N.Y. 285, 190 N.E. 641; Montana Dakota Power Co. v. Joy, 63 S.D. 354, 258 N.W. 808, where the conditional vendors entered up mechanic's liens; E. L. Jones & Co. v. Unruh, 7 W.W.Harr., Del., 241, 182 A. 211, where the conditional vendor levied by virtue of an execution on judgment.

The claimant maintains that there has been a waiver of this provision of the Act, by the following clause in the conditional sales contract: "Entry of judgment upon this contract as aforesaid shall not prevent replevin of the article by vendor if said judgment shall not be promptly paid in full. The remedies provided herein are cumulative and not in the alternative."

Almost the identical point was raised in General Fire Extinguisher Co. v. Equitable Trust Co. of New York, 6 Cir., 17 F. 2d 968, 970. In that case a receiver was appointed for the conditional vendee. The conditional vendor filed a material man's lien for the chattel in question and subsequently sought repossession of the chattel. The court said: "It is true that in the Grinnel contract appears this provision, not in the other: 'All remedies of the company hereunder are cumulative and not exclusive.' But, whatever this may be rightfully held to mean, it cannot avail to allow the Grinnell Company to repudiate a clear election of a right provided by

the contract and which, as in this case, had been followed and prosecuted to an establishment of its claims thereunder, that it might pursue an inconsistent course. Peters v. Bain, 133 U.S. 670, 695, 10 S.Ct. 354, 33 L.Ed. 696."

We are fully in accord with the reasoning of the above case. In the case at bar, as in that case, the language of the contract cannot be construed as a waiver of the provisions of the Conditional Sales Act. As pointed out, the language of the Act is specific on the effect of a lien, attachment or levy. The resort to either of these is inconsistent with the claim·of title by the conditional vendor. It is an admission of title in the vendee.

■ The result would have been the same if the Uniform Conditional Sales Act had not been enacted. In the absence of the Conditional Sales Act there was a diversity of opinion even as to the effect of the *entry of judgment* for the unpaid balance, and in Pennsylvania it was the law (and still is the law as regards bailment leases) [1] that the entry of a judgment for the unpaid balance (even without issuance of execution) and retaking of possession are inconsistent remedies and the resort to one excludes the other. In re Fitzpatrick, D.C., 1 F.2d 445; Kelley Springfield Road Roller Co. v. Schlimme, 220 Pa. 413, 69 A. 867, 123 Am.St.Rep. 707; Auto Security Company, Inc. v. Canelli, 80 Pa.Super. 43; Jacob v. Groff, 19 Pa.Super. 144.

In re Fitzpatrick, supra, decided in the Western District of Pennsylvania, the lessor on a bailment lease entered judgment for unpaid balance and issued execution. Bankruptcy followed. In ᵒ ruling that the lessor could not thereafter reclaim the goods from the bankrupt estate, the court said: "As we view the matter, the claimant herein, by its action in entering judgment for the full amount of its claim, issuing execution thereon, and causing levy to be made upon the automobile bus in question and other personal property of the present bankrupt, adopted one of the two remedies open to it, to the exclusion of the other. In other words, by its action it affirmed ownership in John Fitzpatrick and is precluded from now claiming ownership in itself."

The Uniform Conditional Sales Act resolved all doubts and preserved the right to reclaim the chattel after the recovery of judgment, but specifically the right of retaking was ended with the claiming of a lien, filing of an attachment or a levy. It will be noted that the clause upon which the claimant relies, that "Entry of judgment upon this contract as aforesaid shall not prevent replevin, etc.", gives the claimant no greater right than was already given to him by Section 24 of the Uniform Conditional Sales Act. It was not the entry of judgment but the issuance of the execution which barred the retaking.

The order of the referee is therefore reversed and the reclamation petition is dismissed.

---

[1] The Pennsylvania Conditional Sales Act does not apply to bailment leases.

Decker v. Williams, 130 Pa.Super. 100, 196 A. 910.