In The Matter of **ADRIAN RESEARCH & CHEMICAL COMPANY, Inc.,** Bankrupt.

Bankr. No. 25392.

United States District Court
E. D. Pennsylvania.

Dec. 4, 1958.

Bertram Bennett, Philadelphia, Pa., for Trustee.

John E. Landis, Lansdale, Pa., for petitioner.

WELSH, District Judge.

Upon this Certificate of Review the sole question is: Under the Commercial Code may a reclamation petitioner recover all of the tangible assets of the bankrupt under a security agreement even though prior thereto he had obtained a judgment, issued execution and caused a levy to be made?

The facts are not in dispute and may be stated as follows:

On September 10, 1957, the bankrupt, Adrian Research and Chemical Company, Inc., in consideration of an accumulation of rent arrearages to the extent of $7600 due to William M. Kirkpatrick, its landlord, executed a Security Agreement in that amount in favor of Kirkpatrick, mortgaging and creating a security interest in certain items of office, laboratory and plant equipment, more particularly therein designated, as well as "all other furniture, equipment and personal property whatsoever in and about the leased premises etc."

The Security Agreement was duly recorded in the Office of the Prothonotary of the Court of Common Pleas of Montgomery County, wherein the property was located, and in the Office of the Secretary of the Commonwealth in conformity with the requirements of the Uniform Commercial Code. Art. 9, Sec. 9–401, 12A Purdon's Penna.Stats.Ann.

As evidence of the obligation the bankrupt, on the same date, to wit, September 10, 1957, executed and delivered to Kirkpatrick a note in the aforesaid sum

of $7600 payable on demand and containing a confession of judgment.

Judgment was entered on the note in the Office of the Prothonotary of the Court of Common Pleas of Montgomery County on September 12, 1957.

On or about March 12, 1958, by reason of a default occurring on or about February 15, 1958, in the payment of current rent, execution was issued on the judgment and a levy made by the Sheriff on all of the personal property on the premises of the bankrupt and bills were posted for a sale thereunder.

A voluntary petition in bankruptcy having been filed on March 27, 1958, and Norman Klauder having been appointed Receiver on March 28, 1958, upon the receiver's application on March 30, 1958, an order was entered restraining the sheriff's sale which was scheduled to be held on March 31, 1958.

No effort had been made by the petitioner prior to the initiation of the bankruptcy proceedings to obtain possession of the personal property subject to the security agreement by legal process or otherwise; nor was demand for its possession made.

The question of law herein involved was raised by the reclamation petition of William M. Kirkpatrick, which seeks to recover possession of all of the tangible assets of the bankrupt, Adrian Research and Chemical Company, Inc., consisting of equipment, fixtures and inventory, and the answer thereto of Norman Klauder as receiver.

A hearing thereon was held before Bertram K. Wolfe, Referee in Bankruptcy on April 30, 1958. On May 9, 1958, prior to the determination of the question, a stipulation was entered into between the reclamation petitioner and the receiver whereunder the receiver was permitted to expose the assets in question at public auction and the petitioner was relegated to the fund to be realized therefrom; such proceeds to be subject only to the auctioneer's costs and expenses incident to the sale. The public sale was held on June 4, 1958, and

confirmed on June 6, 1958. The sale realized $2368. The auctioneer's costs and expenses amounted to $332.12, so that the fund subject to disposition amounts to $2035.88. On September 22, 1958, the learned Referee filed his opinion and order denying the petitioner's claim, and on October 8, 1958, recorded his findings of fact and conclusions of law. The case now comes before this Court on a Certificate of Review from such order.

The secured interest in this case was filed and perfected under the provisions of the Uniform Commercial Code and therefore the rights of the secured party on default as defined by the code must govern. Article 9 of the code concerns itself with security transactions. Enforcement of a security agreement in case of default of its terms must be in accordance therewith. In this connection Section 9–501 (12A Purdon's Pa. Stats.Ann. § 9–501) provides in part:

"(1) When a debtor is in default under the security agreement a secured party may reduce his claim to judgment * * * If the collateral is goods, he may in addition do one or more of the following * * *:

"(a) foreclose the security interest by any available judicial procedure;

"(b) take possession of the collateral under Section 9–503 * * *"

The section says first that "a secured party may reduce his claim to judgment." We construe this statement to mean just what it says: the secured party may have the default that gives rise to the indicated remedies adjudicated. In this connection no benefit accrued to the secured party here by reason of the judgment, execution or levy because the lien was effected on the date of the levy, that is, on or about March 12, 1958, and was, therefore, invalid, having been obtained within four months of the filing of the bankruptcy petition.

The section then says that the secured party may either "foreclose the

security interest by any available judicial procedure" or take possession. These two remedies are cumulative. There exists today no "available judicial procedure" in Pennsylvania to foreclose an interest asserted against personal property. We so find even though we are confronted with the argument that by doing so the words "foreclose the security interest by any available judicial procedure" are meaningless, for it must be remembered that this code was written with the view of adoption in all the states and there may be in some states procedures to "foreclose". Therefore, the remedy of foreclosing the security interest was not available to the secured party here.

Finally, the code in addition to giving to a secured party the right to foreclose the security interest gives the right to take possession of the goods. The reclamation petitioner accordingly asserts that right to take possession, on the ground that under the code the rights of a secured party in case of a default are cumulative.

The Trustee concedes that the rights are cumulative but contends, and we agree, that they must be consistent. Thus, upon default, the petitioner could have demanded and assumed possession of the chattels with or without the aid of judicial process. After acquiring possession, and had a sale of the chattels resulted in a deficiency, he could have proceeded by execution and levy against any other property owned by the then debtor for the recovery therefore. However, the petitioner elected to issue execution and to levy on the assets, and is now barred from asserting a security interest to retake the goods on the ground that the execution is inconsistent with the right to take possession. In re Fitzpatrick, D.C., 1 F. 2d 445 and In re Elkins, D.C., 38 F.Supp. 250. The former case involved a bailment lease and was decided by Judge Gibson in the Western District of Pennsylvania. The latter case involved a conditional sales contract and was decided by Judge Kalodner in the Eastern District of Pennsylvania. In both these cases the security interest was not questioned but, prior to bankruptcy, the secured creditor obtained judgment, issued execution and the sale was stayed upon the intervention of bankruptcy. The opinion of Judge Gibson states: "As we view the matter, the claimant herein, by its action in entering judgment for the full amount of its claim, issuing execution thereon, and causing levy to be made upon the automobile bus in question and other personal property of the present bankrupt, adopted one of the two remedies open to it, to the exclusion of the other. In other words, by its action it affirmed ownership in John Fitzpatrick and is precluded from now claiming ownership in itself."

The law of the Fitzpatrick and Elkins cases, which was the law prior to the adoption of the Code, is clear; the law under the Code is, we think, likewise clear and the same as before the Code. We must still determine, however, whether or not there is a distinction between the facts of those cases and the facts of the instant case. In each of those cases the asserted right of the creditor to retake the chattels, after judgment, execution and levy had failed, was by virtue of title. In this case the right is by virtue of the lien which was created by the security agreement and duly recorded. These facts, in the opinion of the Trustee, are not distinguishable. We concur.

We conclude, therefore, that petitioner, having elected to issue execution and to make a levy, is now barred from recovering the goods or chattels under a duly recorded security agreement or lien on the ground that the remedies of execution and possession are inconsistent.

The proposed changes in Article 9, Section 9–501, relating to rights and procedure on default (1957 Official Text of the Code published jointly by the American Law Institute and the National Conference of Commissioners on Uniform State Laws) constitute a recognition of the problem present in the instant case and an attempt to remedy same by

amendment, we think, and not by clarification.

For reasons expressed herein, the question presented is answered in the negative. The Order of the Referee will be Affirmed.

An appropriate order will be prepared and submitted.